FILED
OCT 2 2 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. LEE GARNER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-1723 |
| | ) |
| SUSAN RICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint is so vague and confusing that it utterly fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). For this reason, the complaint will be dismissed without prejudice for failure to comply with Rule 8(a). An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date: 10/15/09